E-FILED
Tuesday, 08 September, 2026 04:32:59 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS – ROCK ISLAND**

| | |
|---|---|
| JEFFREY RAYMOND,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC,<br><br>Defendant. | Case No. 1:26-cv-01284-MMM-RLN |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS**

*Pro se* Plaintiff Jeffrey Raymond's Motion for Sanctions should be denied because it is untimely pursuant to Fed. R. Civ. P. Rule 11(c)(2) and states no basis for relief under Rule 11. Specifically, Plaintiff failed to serve the motion on Defendant Lowe's Home Centers, LLC ("Lowe's") 21 days prior to filing it as explicitly required by Fed. R. Civ. P. 11(c)(2). Plaintiff's motion also fails because it does not identify any conduct that could be considered "unreasonable under the circumstances" and warrant sanctions pursuant to Rule 11. *See Brown v. National Bd. Of Medical Examiners*, 800 F.2d 168, 171-72 (7th Cir. 1986). In fact, Plaintiff's motion is based entirely on the erroneous assumption that Lowe's made statements in its Notice of Removal that it never made.

## I. PLAINTIFF'S MOTION IS UNTIMELY AND FAILS TO COMPLY WITH RULE 11(c)(2).

Rule 11(c)(2) states that a "Motion for sanctions must be made separately from any other motion and describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Here, Plaintiff never

served Lowe's with his Motion for Sanctions before filing it, and it is therefore untimely and should be denied on that basis alone. *See Harlow v. Humpfrey*, 2021 WL 4864711, *4 (C. D. Ill. Oct. 19, 2021) (denying plaintiff's motion for sanctions because he did not serve it on defendant pursuant to Rule 11(c)(2)); *see also Kichatay v. Northwest Home Care, Inc.* 327 F.R.D. 204, 205 (N.D. Ill. Oct. 3, 2018) ("the untimeliness of the . . . motion is driven home by Rule 11's requirement that a motion for sanctions be served on the opposing party 21 days before it is filed in court") *citing Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago*, 649 F.3d 539, 552 (7th Cir. 2011).

## II. PLAINTIFF DOES NOT ALLEGE ANY CONDUCT THAT VIOLATES RULE 11.

The standard for imposing sanctions under Rule 11 is an objective question of "reasonableness under the circumstances." *Brown v. National Bd. Of Medical Examiners*, 800 F.2d 168, 171-72 (7th Cir. 1986). Under Rule 11, an attorney risks sanctions for failing to make a reasonable inquiry into both the factual and legal basis for the claim he asserts. *See Brown*, 800 F.2d at 172 *citing In re TCI Limited*, 769 F.2d 441 at 446 (7th Cir. 1985) and *FDIC v. Elefant*, 790 F.2d 661 at 667 (7th Cir. 1986). "The district court ha[s] considerable discretion in deciding whether to issue Rule 11 sanctions." *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 529 (7th Cir. 2020). "To win on a motion for sanctions, the movant must satisfy the 'high burden of showing that Rule 11 sanctions are warranted.' " *In re Dairy Farmers of Am., Inc.*, 80 F.Supp.3d 838, 860 (N.D. Ill. 2015) *quoting Lundeen v. Minemyer*, 2010 WL 5418896, at *3 (N.D. Ill. Dec. 17, 2010)).

Here, Plaintiff argues that sanctions are warranted because Lowe's "states in their notice of removal to federal court that the ADA is not represented by the state court of Illinois" and that "opposing counsel also stated that the lawsuit was filed in bad faith." Mot. for Sanctions, p. 1. As

initial matter, the allegations underlying Plaintiff's motion are false – Lowe's did not make any assertions regarding the state court's ability to hear Raymond's ADA claim, and Lowe's counsel did not state that the lawsuit was filed in bad-faith.[1] Rather, Lowe's stated in its Notice of Removal that federal court jurisdiction was proper because Plaintiff asserted a claim pursuant to the ADA, which is a federal law. Lowe's also stated in its Notice of Removal that Plaintiff waited over a year to serve his Complaint on Lowe's after filing it, and that such delay was in bad-faith if it was designed solely to avoid removal based on diversity jurisdiction. Lowe's assertion of legal arguments, based on well-established precedent, regarding the jurisdiction of federal courts and the consequences of Plaintiff's unreasonable delay in filing suit are insufficient grounds for finding that Lowe's, or its counsel, violated Rule 11 and should be subject to sanctions.

**CONCLUSION**

Based on the forgoing, Defendant Lowe's Home Centers respectfully requests that Plaintiff's Motion for Sanctions be denied in its entirety.

DATED: September 8, 2026

Respectfully submitted,

By: *s/ Jason M. Torres*
One of Its Attorneys

[1] Plaintiff waited over a year to serve his Complaint on Lowe's after filing it in state court. In its Notice of Removal, Lowe's argued that "To the extent Plaintiff commenced this action more than one-year ago pursuant to 28 U.S.C. § 1446(c)(1), Plaintiff has acted in in bad faith by intentionally failing to serve the Complaint in Order to prevent Lowe's from removing the action."

Erin Dougherty Foley
edfoley@seyfarth.com
Jason M. Torres
jtorres@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I served the foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS upon all counsel of record by filing same with this Court's electronic filing system and emailing a copy to Plaintiff at jefferaymond@gmail.com.

*/s/ Jason M. Torres*
Jason M. Torres
*Counsel for Defendant*
*Lowe's Home Centers, LLC*