E-FILED
Wednesday, 25 November, 2026 11:44:53 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JEFFREY RAYMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-01284-SLD-RLH |
| | ) | |
| LOWE'S HOME CENTERS, LLC,[1] | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Plaintiff Jeffrey Raymond sues Defendant Lowe's Home Centers, LLC ("Lowe's") for discriminatorily terminating his employment and for slander and harassment that allegedly took place during his employment at Lowe's. Before the Court is Lowe's motion to dismiss, ECF No. 6. Because Raymond fails to plausibly state a claim for slander, harassment, or discriminatory termination, the Court GRANTS the motion.

Also before the Court is Raymond's motion for sanctions, ECF No. 10, arguing that Lowe's made false statements when removing the case to federal court. Because Raymond failed to comply with the safe harbor provision in Federal Rule of Civil Procedure 11(c)(2), the motion for sanctions is DENIED.

**BACKGROUND**

Raymond's allegations are somewhat vague, but the following is discernable from his complaint, Not. Removal Ex. A, ECF No. 1-1 at 8–10: Before his employment was terminated, Raymond was an exemplary employee at Lowe's. He suffers from a disability that impacts his

[1] The Complaint, Not. Removal Ex. A, ECF No. 1-1 at 8–10, refers to Defendant as "Lowe's Home Improvement." However, Defendant's filings reflect that its proper name is "Lowe's Home Centers, LLC." *See, e.g.*, Mot. Dismiss 1, ECF No. 6.

balance, but the disability did not impact his work responsibilities. During his employment at Lowe's, Raymond had issues with an unnamed female co-worker. She, motivated in part by Raymond's sex and disability, made threatening statements about her family, including that her mother deserted from the Mexican Marines and that her brothers are "violent gang bangers who like to assault people." Compl. 8.[2] She also asked him to harbor a fugitive. She then lied to the store manager that Raymond "said [he] had sex all the time, and that [he] touched her in a sexual manner." *Id.* at 9. The contact at issue was actually "to get her out of [Raymond's] way" since Lowe's employees load product for customers. *Id.* After her report to the store manager, Lowe's performed a three-week investigation during which Raymond was asked to write a declaration but was not able to confront his co-worker or otherwise dispute her claims. Ultimately, although there was no evidence, Lowe's accepted his co-worker's side of the story and terminated Raymond's employment. Because of these events, Raymond has had difficulty finding new employment and has suffered emotional damage.

Raymond filed his complaint in Illinois state court on May 30, 2025, requesting damages and an injunction ordering Lowe's to reinstate his employment. He brings counts for "Slander," "Harassment," and "Wrongful Termination." *Id.* He also invokes the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, throughout his complaint. After several issues with service, Lowe's was finally served on June 8, 2026, and timely removed the case to this Court. *See generally* Not. Removal, ECF No. 1.

Lowe's now moves to dismiss Raymond's complaint. It argues, first, that Raymond's ADA claims must be dismissed because he failed to exhaust the administrative remedies required

[2] Since Exhibit A to the Notice of Removal contains multiple, separately paginated or unpaginated documents, the Court uses the page numbers generated by CM/ECF for ease of reference.

by statute, and second, that each of the three counts fails to state a claim upon which relief can be granted. Mem. Supp. Mot. Dismiss 2–6, ECF No. 7.

## DISCUSSION

### I. Motion to Dismiss

#### a. Legal Standard

A court will dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Detailed factual allegations are not required, but a plaintiff "must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (quotation marks omitted). A court conducting this review must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012).

#### b. Analysis

##### i. Failure to Exhaust Administrative Remedies

Lowe's first seeks dismissal of Raymond's ADA claims because he failed to exhaust administrative remedies. Mem. Supp. Mot. Dismiss 2–3. Before bringing suit for a violation of the ADA, a plaintiff must file a charge with the Equal Employment Opportunity Commission. *Riley v. City of Kokomo*, 909 F.3d 182, 189 (7th Cir. 2018). However, a plaintiff generally need

not allege that he exhausted administrative remedies since the failure to do so is an affirmative defense. *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 922 (7th Cir. 2007) ("A plaintiff's failure to exhaust administrative remedies is an affirmative defense, which is the defendant's burden to prove."); *Mosley v. Bd. of Educ. of Chi.*, 434 F.3d 527, 533 (7th Cir. 2006) (stating that the plaintiff "had no obligation to allege facts negating an affirmative defense in her complaint"). Thus, at this stage, it is only appropriate to dismiss a complaint on such grounds if the failure to exhaust is evident from the face of the complaint. *Mosley*, 434 F.3d at 533 (stating that a defendant can raise this argument on a motion to dismiss "if the allegations of the complaint in the light most favorable to the plaintiff show that there is no way that any amendment could salvage the claim").

Raymond's complaint makes no mention of what administrative process, if any, he pursued before filing his complaint. *See generally* Compl. It therefore is not evident from the face of the complaint that Raymond failed to exhaust the available administrative remedies.

**ii. Count I: Slander**

In Count I, Raymond seeks recovery for an instance when "Defendant told the store manager an outright lie, claiming [he] said [he] had sex all the time, and that [he] touched her in a sexual manner." *Id.* at 9. Lowe's contends that Raymond "does not identify who made the alleged defamatory statement, when the alleged statement was made, what context the alleged statement was made, and to whom it was published – which are all facts necessary to state a plausible defamation claim." Mem. Supp. Mot. Dismiss 4. Raymond does not respond to this argument. *See generally* Resp. Mot. Dismiss.[3]

[3] Lowe's also argues, throughout its brief, that Raymond's complaint should be dismissed because he fails to identify a legal theory under which his claims are actionable. *See, e.g.*, Mem. Supp. Mot. Dismiss 3 ("Plaintiff does not cite a statute or identify any legal basis upon which his harassment claim is premised . . . ."); *id.* at 4 ("Plaintiff does not specify whether he is asserting a claim for defamation *per se* or *per quod*."); *id.* at 5 (arguing that Raymond

Illinois law treats libel and slander the same, both as a type of defamatory statement. *Bryson v. News Am. Publications, Inc.*, 672 N.E.2d 1207, 1215 (Ill. 1996). "To establish defamation, the plaintiff must show that (1) the defendant made a false statement about the plaintiff, (2) the defendant published that false statement to a third party, and (3) the published statement damaged the plaintiff's reputation." *Project44, Inc. v. FourKites, Inc.*, 209 N.E.3d 427, 431 (Ill. App. Ct. 2022). The only false statement alleged is that an unknown co-worker (erroneously referred to as "Defendant") told the store manager that Raymond "said [he] had sex all the time, and that [he] touched her in a sexual manner." Compl. 9. Raymond's claim, therefore, hinges on whether Lowe's can be liable for the statement of its employee.

"Under the theory of *respondeat superior*, an employer may be liable for the torts of an employee, but only when the employee commits the tort within the scope of his or her employment." *Hoy v. Great Lakes Retail Servs., Inc.*, 52 N.E.3d 386, 391 (Ill. App. Ct. 2016).

> When determining whether an employee has acted within the scope of employment, Illinois courts look to the Restatement (Second) of Agency § 228 (1958), which states that an employee's conduct is within the scope of employment if three criteria are met: (1) it is of the kind the employee is employed to perform; (2) it occurs substantially within authorized time and space limits; and (3) it is actuated, at least in part, by a purpose to serve the employer.

*Id.* With respect to the third factor, "if an employee commits an intentional tort with the dual purpose of furthering the employer's interest and venting personal anger, *respondeat superior* may lie; however, if the employee acts purely in his own interest, liability under *respondeat superior* is inappropriate." *Randi F. v. High Ridge YMCA*, 524 N.E.2d 966, 970 (Ill. App. Ct. 1998).

---

does not connect the allegations supporting his wrongful discharge claim "to an actual legal claim based on any statutory provision or common law doctrine"). But a plaintiff's failure to provide a statute, common law doctrine, or other legal theory to support a claim is not grounds for dismissal as "[c]omplaints plead *grievances*, not legal theories." *Koger v. Dart*, 950 F.3d 971, 974 (7th Cir. 2018).

In this case, the complaint does not plausibly allege that Lowe's might be liable for Raymond's co-worker's actions. First, there is no reason to believe that his co-worker was hired to make reports about Raymond's misconduct. Moreover, the complaint does not allege that Raymond's co-worker had any interest in advancing Lowe's interests when she gave false reports about Raymond's workplace conduct or made threatening statements about her family. *Cf. Jansen v. Packaging Corp. of Am.*, 123 F.3d 490, 496 n.3 (7th Cir. 1997) (Flaum, J., concurring) ("[P]resumably employers are not in the business of harassment, and it is not conceivable that harassment of an employee will serve the interests of an employer."). As a result, the complaint does not contain facts that would make respondeat superior liability plausible, and Count I is DISMISSED.

**iii. Count II: Harassment**

In Count II, Raymond alleges that (presumably the same) unknown co-worker "harassed [him] on the basis of her family members being violent and awol from the military and telling the manager [he] was harassing her when this was false." Compl. 9. Lowe's seeks dismissal because Raymond does not plead facts suggesting an entitlement to relief. Mem. Supp. Mot. Dismiss 3. It notes that he does not even identify the harasser. *Id.*

Since Raymond focuses on sex and disability discrimination in his complaint, the basis for his harassment claim appears to be that he was harassed based on those same characteristics.[4] Title VII of the Civil Rights Act of 1964 bars harassment on the basis of sex. *See Bernier v. Morningstar, Inc.*, 495 F.3d 369, 373 (7th Cir. 2007) ("Title VII's prohibition against

---

[4] While Raymond may alleges facts supporting his conclusion that his co-worker was motivated by his sex, *see* Compl. 9 (alleging that she leveled false accusations that Raymond touched her in a sexual manner), it is doubtful whether Raymond's conclusory connection between his disability and his co-worker's actions are sufficient to state a claim. The Court need not decide that issue here since, in any case, Raymond does not plausibly state a claim for relief against Lowe's.

discrimination in employment on the basis of sex encompasses sexual harassment that is sufficiently severe or pervasive to alter the employee's terms or conditions of employment."). And "[t]he ADA prohibits employment discrimination on the basis of disability," including discrimination through harassment that creates a hostile work environment. *Ford v. Marion Cnty. Sheriff's Office*, 942 F.3d 839, 850–51 (7th Cir. 2019). The Illinois Human Rights Act creates a state-law claim for sex- and disability-based harassment. *Arnold v. Janssen Pharmaceutica*, 215 F. Supp. 2d 951, 955 (N.D. Ill. 2002) ("The IHRA, like Title VII and the ADA, prohibits sexual harassment and disability discrimination.").

Raymond cannot, however, recover from Lowe's merely because he was harassed at work. To proceed on his harassment claim, he must plausibly allege a basis for employer liability. *Lambert v. Peri Formworks Sys., Inc.*, 723 F.3d 863, 866 (7th Cir. 2013). Under Title VII, "when a co-worker harasses an employee, the employer is liable only if the employer is negligent in discovering or remedying the harassment." *Id.* "Notice that is sufficient to trigger employer liability must be given to either someone with authority to take corrective action or, at a minimum, someone who could reasonably be expected to refer the complaint up the ladder to the employee authorized to act on it." *Id.* (quotation marks omitted). The same standard applies for harassment claims under the ADA, *Ford*, 942 F.3d at 856, and the IHRA, *Mahran v. Advoc. Christ Med. Ctr.*, 12 F.4th 708, 714 (7th Cir. 2021).

Raymond does not plausibly allege that Lowe's was negligent in discovering or remedying the harassment. Raymond does not allege that the statements about his co-worker's family were made in the presence of management or other employees, nor does he allege that he notified a supervisor or human resources officer about the alleged statements. While Raymond also claims that his co-worker harassed him by "telling the manager [he] was harassing her when

this was false," Compl. 9, there is no indication that he informed management that he believed this accusation was harassment or otherwise sought corrective action. Raymond need not at this stage describe the contours of his theory of employer liability with specificity, nor need he prove his claim, but he must plausibly allege that Lowe's is liable for the alleged actions of his co-worker. He has not done so.

The Court further agrees with Lowe's that the lack of specificity in Raymond's harassment claim compels dismissal. Raymond does not identify the individual who is harassing him. *Id.* He elsewhere suggests that this unidentified co-worker is a defendant, making it difficult to discern whether he even intends to bring the harassment claim against Lowe's, a party that is not mentioned in Raymond's recitation of Count II. *Id.* This does not satisfy the requirements of notice pleading, under which a plaintiff must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Kyle v. Morton High Sch.*, 144 F.3d 448, 454 (7th Cir. 1998) (quotation marks and emphasis omitted).

As such, Count II is dismissed for failure to state a claim.

**iv. Count III: Wrongful Termination**

In Count III, Raymond seeks recovery for wrongful termination. Compl. 9. He alleges that Lowe's accepted Raymond's co-worker's side of the story and did not give him an opportunity to confront her. *Id.* During Lowe's internal investigation, Raymond continues, he was not given an opportunity to participate besides submitting a declaration. *Id.* Raymond's co-worker "did this because [he is] a man." *Id.* In this count, Raymond also includes information about his disability status. *Id.* Lowes argues that Count III should be dismissed because it is difficult to comprehend and fails to connect Raymond's sex and disability status to a cognizable discrimination claim. Mem. Supp. Mot. Dismiss 5–6.

In general, to state a claim for a violation of an anti-discrimination statute, an employee must allege "that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment action." *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). *Ortiz* involved claims under the IHRA and 42 U.S.C. § 1981, but the same is true for purposes of the ADA and Title VII. *See Igasaki v. Ill. Dep't of Fin. & Pro. Reg.*, 988 F.3d 948, 958 (7th Cir. 2021) (Title VII); *Brooks v. Avancez*, 39 F.4th 424, 433 (7th Cir. 2022) (ADA). While the burden on plaintiff is light at the pleading stage, she still "must advance plausible allegations that she experienced discrimination because of her protected characteristics." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022).

Raymond does not sufficiently plead that his termination was caused by his protected characteristics. To begin with, he does not identify the person or group who decided to terminate his employment or ascribe to them a motive. In fact, he notes that HR contacted him from Pennsylvania, "having no incite [sic] into the employees, what they look like or who they are." Compl. 9. This suggests that at least one relevant decision-maker had no knowledge of Raymond's sex or disability. Raymond alleges that his co-worker accused him because he is a man, but he makes no allegation that his managers, supervisors, or human resources officers were motivated by consideration of his sex. *Id.* And with respect to his disability, although Raymond claims that he is disabled, there is no suggestion in his complaint that this motivated his co-worker or those who decided to terminate his employment. *Id.*

This case is like *Hyre v. University of Illinois*, 17 F. Supp. 2d 813, 815 (C.D. Ill. 1998), where the court dismissed a plaintiff's complaint because he did not allege that an employer's decision to force the plaintiff to resign after he was falsely accused of sexual harassment was motivated by consideration of the plaintiff's sex. The court reasoned that, "[a]t worst, the

University deferred to a co-worker's personal animus against the plaintiff and forced him to resign, underhandedly using an unfounded sexual harassment charge as a pretext. That action might have been unfair, but nothing suggests that the plaintiff's gender motivated it." *Id.* Similarly here, Raymond gives no reason to believe that Lowe's decision was motivated by his sex or disability.

In sum, Raymond does not plausibly allege any connection between Lowe's decision to terminate his employment and either his sex or disability. His wrongful termination claim therefore must be dismissed.

**II. Motion for Sanctions**

Raymond asks the Court to impose sanctions because Lowe's misrepresented (1) "that the ADA is not represented by the state court of Illinois" and (2) "that the lawsuit was filed in bad faith." Mot. Sanctions 1. Lowe's opposes the motion, arguing that Raymond failed to serve it with the motion for sanctions 21 days before filing the motion with the Court, as is required by Federal Rule of Civil Procedure 11(c)(2). Resp. Mot. Sanctions 1–2, ECF No. 12. It also responds that the motion should be denied because Lowe's did not make any false statements when it invoked the Court's federal question jurisdiction or when it stated that Raymond acted in bad faith when he failed, for over a year, to serve his complaint on Lowe's after filing it in state court. *Id.* at 2–3.

Federal Rule of Civil Procedure 11(c) allows a court to impose sanctions when a party "files pleadings that are not reasonably based on the law or in fact, or that are meant to harass." *Brown v. Fed'n of State Med. Bds. of the U.S.*, 830 F.2d 1429, 1433 (7th Cir. 1987), *abrogated on other grounds by Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928 (7th Cir. 1989). However, Rule 11(c) bounds a court's discretion to impose sanctions. As relevant here, Rule

11(c)(2) creates a safe harbor wherein a party must serve a motion for sanctions on the opposing party 21 days before it may file the motion with the court. On the record before the Court, there is no indication that Raymond served his motion on Lowe's at least 21 days before filing it with the Court. Therefore, the motion for sanctions is DENIED.

**CONCLUSION**

Accordingly, Defendant Lowe's Home Centers, LLC's motion to dismiss, ECF No. 6, is GRANTED. Plaintiff Jeffrey Raymond may file an amended complaint by December 23, 2026, if he can in good faith cure the deficiencies identified in this order. Raymond's motion for sanctions, ECF No. 10, is DENIED.

Entered this 25th day of November, 2026.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE